IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-30464

BARRY BERNHARD; SHERYLE BERNHARD

Plaintiffs - Appellees

v.

WHITNEY NATIONAL BANK

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This case was birthed in Louisiana state court by Barry and Sheryle Bernhard. It was adopted by the Middle District of Louisiana when the defendants, Capital One and Whitney National Bank, removed it on the basis of a federal question. Whitney appeals a split-the-baby decision of the district court, granting summary judgment in Whitney's favor on the federal claim, yet remanding the state claims. Because we hold that, under the unusual circumstances of this case, the district court lacked federal question jurisdiction, we VACATE the district court's judgment and REMAND with instructions that the case be remanded to the custody of the state court.

I.

Barry and Sheryle Bernhard brought this suit against Whitney National Bank and Capital One Bank, LLC, in Louisiana state court in July 2005. They alleged violations of Louisiana Civil Code articles 2315 and 2316.[1] Their claims arose out of alleged unauthorized transfers from their checking account at Whitney Bank by a contractor with whom the Bernhards did business, Robert Williams. The Bernhards alleged that Williams had used Capital One's online banking system to make unauthorized electronic transfers from the Whitney account, using the routing and account numbers from the Bernhards' personal check. They alleged that Capital One and Whitney breached duties owed to them by allowing Williams to make the unauthorized transfers and by failing to maintain adequate security procedures.[2]

The unauthorized transfers began in November 2003 and continued through November 2004, totaling $113,836.83. The Bernhards notified Whitney of the unauthorized transfers in November 2004 and were credited $24,859 for some of the unauthorized withdrawals.

---

[1] Article 2315 provides, in part: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Article 2316 provides: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."

[2] In particular, the Bernhards alleged that Capital One was negligent in the following respects: "(1) Improper management of online transactions; (2) Failure to properly verify authority of withdrawer; (3) In failing to verify with transferor institution the authorization of online banking transactions; (4) Improper allocation of unauthorized funds; and (5) In other respects which will more particularly be proven at the trial of this matter."

Whitney is alleged to have been negligent in the following respects: "(1) Improper management of entrusted funds; (2) Improper payment of unauthorized debits; (3) Failure to monitor client accounts; and (4) In other respects which will more particularly be proven at the trial of this matter."

The Bernhards alleged in their petition that the defendants are liable for an amount to compensate them for losses sustained, legal interest, and "all costs of these proceedings, including attorney's fees."

The defendants removed the case to the federal district court for the Middle District of Louisiana. They contended that "the facts alleged and the actions complained of by the Bernhards actually involve and include alleged violations of federal law, namely the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. (the "EFTA"), and its implementing regulations. . . . Resolution of the Bernhards' claims requires the interpretation of these federal laws." The defendants also argued that, because the Bernhards sought attorneys' fees, which are available under the EFTA but not under state law, the claims necessarily arise under federal law.

The Bernhards moved to remand the case to the state court, arguing that they sought relief only under state law. The magistrate judge filed a report and recommendation that the motion to remand be denied. The magistrate judge found that "plaintiffs' claims arise under federal law even though the plaintiffs have characterized them as state law claims." Citing this court's decision in Medina v. Ramsey Steel Co., Inc., 238 F.3d 674 (5th Cir. 2001), the magistrate judge found that, "if the remedy that the plaintiff seeks in his or her complaint is exclusively available under federal law, then a federal court has jurisdiction of the case." The magistrate judge concluded that, because the attorneys' fees sought by the Bernhards are exclusively available under federal law, the district court had federal question jurisdiction over the case under 28 U.S.C. § 1331. The magistrate judge also found:

> Secondly, even though the plaintiffs only assert causes of action under state law in their petition, [automated clearing house] transactions like those at issue are governed by federal law, EFTA and its implementing regulations, Regulation E. In order to determine whether plaintiffs are entitled to attorneys fees as

3

requested, it will be necessary for the Court to engage in an analysis of whether EFTA was violated by the defendants. Accordingly, this case necessarily involves an embedded issue of federal law affording the Court original jurisdiction under Grable [&] Sons Metal Prod. Inc., [v.] Daru[e] Eng'g & Mfg., [545 U.S. 308,] 125 S.Ct. 2362, 162 L.Ed.2d 257 (2005).

The magistrate judge cited the provision of the EFTA defining its relationship to state laws, 15 U.S.C. § 1693q, interpreting it to provide "that state laws which are inconsistent or afford consumers less protection than EFTA relating to electronic fund transfers are pre-empted by EFTA."

The district court adopted the magistrate judge's recommendation over the Bernhards' objection and denied their motion to remand.

Capital One and Whitney filed motions for summary judgment. The district court granted the motions for summary judgment as to claims arising under the EFTA. The district court found that the plaintiffs were entitled to no further reimbursement from Whitney under the EFTA because the plaintiffs failed to report the unauthorized transfers to Whitney in a timely manner. Under the EFTA, Whitney was not legally obligated to reimburse the Bernhards for unauthorized transfers occurring more than sixty days after the receipt of the bank statement showing the first unauthorized transfer and before notice was given to Whitney. The district court found that the Bernhards could not set forth a cause of action against Capital One under the EFTA because Capital One is not a "financial institution" with respect to the Bernhards as provided by the EFTA, 15 U.S.C. § 1693a(8).

The court found that it had supplemental jurisdiction under 28 U.S.C. § 1367(a) over all claims that are so related to the claims over which the court has original jurisdiction that the related claims are part of the same case or controversy. The court declined to exercise supplemental jurisdiction and remanded "the remaining state law negligence claims" to state court.

4

Whitney filed a motion under Rule 59(e) to alter or amend the judgment for clarification. Fed. R. Civ. P. 59(e). Whitney contended that the district court did not properly specify in its order that the only negligence claims remanded to state court were those against Capital One. Whitney sought clarification that the EFTA "preempts Louisiana state law, thus the Bernhards have no state law claim against Whitney to remand."

The district court denied Whitney's motion, reaffirming its previous determination not to exercise supplemental jurisdiction over any remaining state law claims in the case. Whitney appealed to this court.

## II.

Whitney contends that the district court granted its motion for summary judgment in a manner inconsistent with its earlier conclusion that the Bernhards' state law negligence claims were, in fact, federal claims under the EFTA and were preempted by the EFTA. Whitney contends that the court therefore erred in denying Whitney's Rule 59(e) motion to reconsider its judgment.

## III.

None of the parties raised the question of jurisdiction on appeal. Of course, we must raise the issue of jurisdiction on our own motion if necessary. E.g., Hill v. City of Seven Points, 230 F.3d 167, 169 (5th Cir. 2000). We must first consider our own jurisdiction and then that of the district court. United States v. Creamer Indus., Inc., 349 F.2d 625, 626 (5th Cir. 1965).

## A.

This court has jurisdiction over an appeal of a final judgment under 28 U.S.C. § 1291. Although this court may not review a district court's order to remand that is based upon grounds specified in 28 U.S.C. § 1447(c), we may review a remand order that is based on the district court's exercise of its discretion not to take supplemental jurisdiction over state law claims under 28

U.S.C. § 1367.  Smith v. Tex. Children's Hosp., 172 F.3d 923, 926 n.5 (5th Cir. 1999).

In this case, the district court explicitly remanded the Bernhards' state law claims on the basis of its discretionary power to decline to exercise supplemental jurisdiction.  Therefore this court has appellate jurisdiction over the district court's decision to remand remaining state law claims.

B.

Jurisdiction of the district court, however, is quite another matter.  We review the remand orders in this case de novo.  Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007).

The district court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a).  The district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  However, the fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction.  E.g., Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000).

We start with the long-established axiom that a plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available.  See Waste Control Specialists, LLC v. Envirocare of Tex., Inc., 199 F.3d 781, 784 (5th Cir.), modified in part on rehearing, 207 F.3d 225 (5th Cir. 2000).  Under this "well-pleaded complaint" rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.  E.g., Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983).  As we have noted above, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction."  Merrell Dow Pharmaceuticals, Inc.

v. Thompson, 478 U.S. 804, 808 (1986). Even an inevitable federal defense does not provide a basis for removal jurisdiction. Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003) (quoting Carpenter v. Wichita Falls Ind. School Dist., 44 F.3d 362, 366 (5th Cir. 1995)).

However, a case pleading only state law claims may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd., 463 U.S. at 9. The federal courts have jurisdiction over a state law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

In analyzing the issue before us, we should also refer to the "artful pleading" doctrine, which is an "independent corollary" to the well-pleaded complaint rule. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). Under this principle, even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding the federal question. See id. There is no doubt but that "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Id. In fact, we have said that the artful pleading doctrine applies only where state law is subject to complete preemption. Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 188-89 (5th Cir. 2001). Federal question jurisdiction therefore exists where, because state law is completely preempted, "there is, in short, no such thing as a state-law claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 11 (2003). In contrast, under the well-pleaded complaint rule, a "defense that relies on . . . the pre-emptive effect of a federal statute will not provide a basis for removal." Id. at 6 (citation omitted) (emphasis added).

Because the Bernhards' petition for damages alleges only state law claims, the district court had federal question jurisdiction over their case only if: (1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law.

1.

The district court found a necessary federal issue because the Bernhards requested attorneys' fees, which are available only under federal law. The court found that attorneys' fees are not available under Louisiana law unless specifically authorized by statute or provided for by contract, but that attorneys' fees are allowed under the EFTA. See 15 U.S.C. § 1693m(a)(3). The court understandably relied on this court's decision in Medina for the proposition that a defendant can support removal by showing that a remedy the plaintiff seeks in his or her complaint is exclusively available under federal law. See Medina, 238 F.3d at 680.

However, we have since distinguished this holding in Medina and have determined that a request for attorneys' fees, even if allowable under federal but not state law, does not in itself present federal question jurisdiction. In the case of In re Hot-Hed, Inc., we said that

> a boiler-plate request for attorneys' fees 'as allowed by law' is insufficient to confer subject-matter jurisdiction on the federal courts. We agree with the Ninth Circuit's holding in Carter v. Health Net of California, Inc.[, 374 F.3d 830, 834 (9th Cir. 2004),] that '[a] request for attorney's fees cannot be a basis for federal jurisdiction.' A contrary holding would allow the proverbial tail to wag the dog.

477 F.3d 320, 324 (5th Cir. 2007) (second alteration in original).[3]

---

[3] The district court denied the Bernhards' motion to remand on November 28, 2005. Our decision in In re Hot-Hed was not issued until January 30, 2007. Nevertheless, we generally apply the law as it exists at the time of review when a controlling precedent intervenes between the date on which a lower court ruled and the date of appellate review.

In Hot-Hed, the plaintiff asserted claims under the Texas Business and Commerce Code and Texas common law and sought injunctive and compensatory relief, as well as attorneys' fees and costs, interest, and any other relief to which it was entitled. Id. at 322. The court held that, even if attorneys' fees were not authorized under state law, the plaintiff's request would not confer federal jurisdiction. Id. at 324.

The court distinguished Medina, noting that the plaintiff in Medina sought back pay and liquidated damages under the Age Discrimination in Employment Act, substantive relief under a specified federal statute. Id. at 325. The question of whether the Hot-Hed plaintiff was entitled to attorneys' fees, on the other hand, did not "raise a 'substantial, disputed question' about an essential element of a federal right, as required for an issue to present a federal question." Id.

In the instant case, the Bernhards' request for "all costs of these proceedings, including attorney's fees" is a boiler-plate request for attorneys fees that does not reference any federal law. Irrespective of whether such fees would be available under state law, the request does not raise a necessary federal question that would allow for original jurisdiction and therefore removal to the district court.

2.

Whitney contends that the district court, in remanding the state claims, erred by failing to rule consistently with its finding that the EFTA preempted the Bernhards' state law claims.[4] Although the magistrate judge's

---

See Cracker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

[4] Whitney contends that Civil Code Articles 2315 and 2316 are inapplicable to the facts of this case at state law and that Louisiana Revised Statutes § 10:4-406 applies and is preempted because it is less protective of consumers than the EFTA. This argument may be questionable because § 10:4-406 applies by its terms to "an item" which is defined as a written promise or order to pay money. See La. Rev. Stat. §§ 10:4-406(d); 10:4-104(a)(9); 10:3-

recommendation does not clearly define the scope of any finding it made regarding preemption, federal question jurisdiction exists on the basis of preemption only if the EFTA completely preempts the Bernhards' state law claims. See Terrebonne, 271 F.3d at 188-89.

Before the Supreme Court's 2003 decision in Beneficial National Bank v. Anderson, this court required a defendant to make three showings in order to demonstrate complete preemption over otherwise purely state law claims:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is clear Congressional intent that claims brought under the federal law be removable.

Hoskins, 343 F.3d at 775 (quoting Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir. 2000)) (emphasis removed).

In Beneficial, however, the Supreme Court explained that "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable." 539 U.S. at 9 n.5. Therefore, we must determine that Congress intended a federal act to provide the exclusive cause of action for the claims at issue to hold that it completely preempts state law claims. See Hoskins, 343 F.3d at 776.

In their notice of removal, the defendants argued that "any claims of the Bernhards purportedly arising under state law conflict with federal law, including the provisions of the EFTA and Regulation E, and are therefore preempted." Whitney based its opposition to the Bernhards' motion to remand on the Bernhards' request for attorneys' fees, stating that "[d]efendants here do

---

103(a)(6), (9); 10:3-104(a), (b). Because we lack jurisdiction over this case, we leave to the Louisiana courts the question of which provision of Louisiana law to apply.

not rely exclusively on the preemptive effect of the EFTA but on plaintiff's request for damages not authorized under state law and allowable only under federal law." Whitney neither alleged nor demonstrated complete preemption.[5]

The EFTA expressly states its relation to State laws:

> This subchapter does not annul, alter, or affect the laws of any State relating to electronic fund transfers, except to the extent that those laws are inconsistent with the provisions of this subchapter, and then only to the extent of the inconsistency. A State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection afforded by this subchapter.

15 U.S.C. § 1693q.

The clear language of the EFTA indicates that Congress did not intend for the Act to provide the exclusive cause of action for claims relating to unauthorized electronic fund transfers. The Act contemplates the application of state law that is not preempted by its provisions. It does not completely preempt claims relating to electronic fund transfers and does not, therefore, provide federal question jurisdiction in this case. The federal courts may not decide in the first instance whether the EFTA provides a federal preemption defense to the Bernhards' state law negligence claims.[6] Neither may the federal courts decide whether the claims are viable under Louisiana law. See Terrebonne, 271 F.3d at 189. Under the well-pleaded complaint rule, the availability of a federal claim does not deprive the Bernhards of the opportunity

---

[5] The district court's order denying remand and Whitney's argument are based on the preemptive effect of the EFTA; we do not consider whether the Bernhards' state law claims are preempted--completely or otherwise--by any other federal statute.

[6] The Supreme Court may review a preemption defense that has been rejected by a state court: "[T]he absence of original jurisdiction does not mean that there is no federal forum in which a preemption defense may be heard. If the state courts reject a claim of federal preemption, that decision may ultimately be reviewed on appeal by this Court." Franchise Tax Bd., 463 U.S. at 12 n.12.

to plead state law claims that may ultimately have no merit. The federal courts do not have federal question jurisdiction simply because a federal right was available but was not asserted.[7]

## IV.

For the foregoing reasons, we hold that the district court lacked federal question jurisdiction over the Bernhards' claims. Accordingly, we VACATE the judgment of the district court and REMAND the case to the district court with instructions that it be returned to the state court from which it was removed.

VACATED and REMANDED with instructions.

---

[7] Nothing in our opinion today precludes Whitney from arguing in state court that Louisiana law is preempted because it conflicts with the EFTA or other federal law. Moreover, the EFTA provides that it does not affect inconsistent state laws "relating to electronic fund transfers." The plaintiffs in this case have not cited any Louisiana law specifically "relating to electronic fund transfers," and it appears that Louisiana has not enacted such a law. We make no suggestion whether the cited Civil Code provisions are applicable to the facts of this case as a matter of Louisiana law or whether the Bernhards' claims are subject to state or federal defenses.