DeMOSS, Circuit Judge,
specially concurring:
I concur fully with the majority’s decision to reverse the dismissal of Starcraft’s third-party claim against the United States. I wholeheartedly agree with the majority’s persuasive analysis and ultimate conclusion that the Feres doctrine does not bar the claim.
I write separately to express my personal view that we should have vacated the remand in addition to reversing the dismissal. After the district court erroneously dismissed Starcraft’s third-party claim against the United States, it remanded the case to Louisiana state court pursuant to 28 U.S.C. § 1367(c)(3), which states that a district court may decline to exercise supplemental jurisdiction if “the district court has dismissed all claims over which it has original jurisdiction.” Our decision to reverse the Feres doctrine dismissal automatically renders the section 1367(c)(3) remand erroneous because the dismissal and the remand are inextricably intertwined. For purposes of section 1367(c)(3), “a district court has no discretion to remand a matter in which a federal-law claim still exists.” Burks v. Amerada Hess Corp., 8 F.3d 301, 304 (5th Cir.1993), abrogated on other grounds by Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 338 (5th Cir.1999).
Starcraft appealed the district court’s judgment dated March 26, 2007, which contained both the dismissal and the remand. Although the notice of appeal gave us jurisdiction to review the remand, Star-craft stated in its briefing that it was not appealing the remand, despite the fact that (1) the validity of the dismissal necessarily implicates the validity of the remand, (2) section 1367(c)(3) remands are reviewable on appeal, and (3) the initial determination of whether the district court has discretion to remand under section 1367(c)(3) is subject to de novo review. Bernhard v. Whitney Nat’l Bank, 523 F.3d 546, 550, No. 07-30464, 2008 WL 879038, at *3 (5th Cir. April 2, 2008); see Hook v. Morrison Milling Co., 38 F.3d 776, 780 (5th Cir.1994) (“If a district court’s decision to remand a case to state court is based on its discretion, *647 then we obviously review that decision for abuse of discretion. The determination of whether the court has that discretion, however, is a legal one, which we review de novo.”) (internal citation omitted). In my view, we have the power to vacate the remand, despite Starcraft’s purported waiver of the issue, in order to give full effect to our judgment reversing the dismissal. I believe the dismissal and the remand are two sides of the same coin and should have been appealed together. See Johnson v. Knorr, 477 F.3d 75, 78, 86-87 (3d Cir.2007) (reversing the dismissal of the federal claim, vacating the section 1367(c)(3) remand of the pendent state law claims, and remanding the case to the district court). Because this case was properly removed and Starcraft has asserted a valid federal claim against the Government, the entire case should be resolved in a single forum: federal district court. Considering the fact that the district court cannot vacate its own remand, New Orleans Pub. Serv., Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir.1986), and because we have the power to dispose of this case “as may be just under the circumstances,” 28 U.S.C. § 2106,1 argue that we should vacate the remand “to obviate further and entirely unnecessary proceedings below.” Grosso v. United States, 390 U.S. 62, 71-72, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). My colleagues chose to let the parties and the district court resolve the conundrum created by the district court’s precipitous, sua sponte remand of the case to state court and the parties’ failure to address the remand issue on appeal.