**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-20231

BELLFORT ENTERPRISES INC

Plaintiff - Appellant

v.

PETROTEX FUELS INC

Defendant - Third Party Plaintiff - Appellee

v.

SOON H YIM

Third Party Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-257

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court refused to remand this action to state court. Bellfort Enterprises Inc. and Soon Yim appeal that ruling, arguing that federal question jurisdiction is lacking, and thus PetroTex Fuel Inc.'s removal was improper. We agree. Therefore, we REVERSE and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This action commenced when Bellfort filed suit against PetroTex in Texas state court. Bellfort, a facility that sells motor fuel and conducts automotive repairs, brought state law claims of breach of contract, fraud, negligent misrepresentation, and unilateral rescission. The damages sought arose out of the execution of a dealer marketing contract with PetroTex, in which PetroTex agreed to supply Bellfort with motor fuel. Neither party disputes that the executed contract constitutes a franchise agreement for purposes of the Petroleum Marketing Practices Act ("PMPA"). *See* 15 U.S.C. § 2801. Instead, Bellfort claims that PetroTex failed to deliver on several financial incentives that had been promised prior to the execution of the franchise agreement and that, during performance of the terms of the franchise agreement, PetroTex charged for more fuel than was actually delivered.

PetroTex removed the suit to federal district court and also filed counterclaims against both Bellfort and its owner, Soon Yim. Bellfort and Yim moved for a remand to state court on the basis that the case did not present a federal question. The district court granted that motion. On rehearing, though, the district court vacated its previous order and concluded that jurisdiction was proper because the PMPA preempted Bellfort's state law claims. Later, summary judgment was entered in PetroTex's favor. Bellfort and Yim have appealed.[1]

The dispositive question in this appeal is whether federal subject matter jurisdiction exists. "Jurisdiction is a question of law which we review *de novo*." *Groome Res. Ltd., L.L.C. v. Parish of Jefferson*, 234 F.3d 192, 198 (5th Cir. 2000).

Two concepts are important to the resolution of our jurisdictional question: the "well-pleaded complaint rule" and the "artful pleading doctrine." The well-pleaded complaint rule provides that "a federal court has original or removal

---

[1] Throughout the remainder of this opinion, we will refer to Bellfort and Yim collectively as "Bellfort."

jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint" and that "there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (internal quotation marks omitted). The artful pleading doctrine, on the other hand, exists as an independent corollary to the well-pleaded complaint rule. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). "Under this principle, even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding a federal question." *Id*. The doctrine allows for removal "*only* where state law is subject to complete preemption." *Id*.

We now apply these principles to the positions advanced by the parties.

PetroTex's first argument is essentially that a federal question appears on the face of Bellfort's well-pleaded complaint. This court has noted that the PMPA "is designed to protect franchisees from arbitrary and discriminatory termination or nonrenewal of a franchise . . . ." *Kostantas v. Exxon Co., U.S.A.*, 663 F.2d 605, 606 (5th Cir. 1981). In PetroTex's view, Bellfort alleged that PetroTex terminated the franchise agreement. In particular, PetroTex points to the following statements in the complaint:

> PetroTex's refusal to deliver motor fuel . . . is arrogant and tantamount to putting Bellfort out of business; and it did. PetroTex's refusal to deliver motor fuel goes to the heart of the Dealer Marketing Contract. Such a refusal renders the contract useless . . . and destroys the mutuality of the agreement . . . and is a purposeful, vengeful breach of contract.

We do not find that Bellfort's complaint sought to invoke the protections of the PMPA. Rather, in reviewing the just-quoted averments, we find that Bellfort, "as master of its complaint," intended only to state a breach of contract claim. *See Terrrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001). We note that Bellfort sought, in part, a declaratory

judgment that its agreement with PetroTex be terminated. Such requested relief is inconsistent with an argument that PetroTex had already terminated the agreement.

PetroTex also invokes the artful pleading doctrine. The argument is that, even if a federal cause of action did not appear on the face of Bellfort's complaint, the PMPA completely preempts the state law causes of action brought by Bellfort, and federal question jurisdiction therefore exists. This is the argument the district court accepted, though it did not perform the complete preemption analysis required under our precedents. *See, e.g., Gutierrez*, 543 F.3d at 252.

To establish complete preemption, a defendant must demonstrate that:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of that right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable.

*Id*. Our former complete preemption test has been altered by the Supreme Court insofar as the Court "shifted the focus of the last part of [our] test from Congress's intent that the claim be removable, to Congress's intent that the federal action be exclusive." *Id*. (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003)).

The preemption provision in the PMPA provides the following:

> To the extent that any provision of this subchapter applies to the termination (or the furnishing of notification with respect thereto) of any franchise, . . . no State or any political subdivision thereof may adopt, enforce, or continue in effect any provision of any law or regulation (including any remedy or penalty applicable to any violation thereof) with respect to termination (or the furnishing of notification with respect thereto) of any such franchise . . . unless such provision of such law or regulation is the same as the applicable provision of this subchapter.

15 U.S.C. § 2806(a)(1). By its terms, the provision allows states to regulate aspects of the franchise relationship not affecting termination by a franchisor. This is a form of ordinary preemption, not complete preemption. Our case law distinguishes the two: "'Complete preemption,' which creates federal removal jurisdiction, differs from more common 'ordinary preemption' (also known as 'conflict preemption'), which does not." *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000).

The PMPA does not completely preempt Bellfort's state law claims. Consequently, those claims may be pursued in state court and are not subject to removal.

The judgment is REVERSED. We REMAND to the district court with instructions to remand the case to state court.