# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2017

Lyle W. Cayce
Clerk

GLORIA A. WIGGINS,

Plaintiff – Appellant,

v.

LOUISIANA STATE UNIVERSITY- HEALTH CARE SERVICES DIVISION,
And its Board of Supervisors in their Capacity as Supervisors to the
University Medical Center in Lafayette (Formerly Known as Lafayette
Charity Hospital),

Defendant – Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-515

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Gloria Wiggins appeals pro se the district court's
grant of Defendant–Appellee Louisiana State University, Healthcare Services

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30033

Division's ("LSU-HCSD") Motion to Dismiss. For the following reasons, we AFFIRM.

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises out of a 42 U.S.C. § 1983 civil rights action filed by Wiggins against LSU-HCSD. In her complaint, she alleges that at some point between 1960 and 2002,[1] her mother received electroconvulsive therapy ("ECT") administered at Lafayette Charity Hospital in Lafayette, Louisiana without her consent and without an order from a Louisiana state court. She also appears to allege that her mother died as a result of the unwarranted ECT. Wiggins filed suit on August 1, 2016, and the district court granted her Motion to Proceed in forma pauperis. Wiggins seeks damages against LSU-HCSD in the amount of $3,000,000.00.

After Wiggins filed suit, Defendant–Appellee LSU-HCSD filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked jurisdiction to hear Wiggins's claims because (1) LSU-HCSD does not have capacity to be sued and thus is not the proper party defendant in the lawsuit, and (2) LSU-HCSD is entitled to immunity under the Eleventh Amendment. Wiggins filed a response arguing that her claim against LSU-HCSD was valid. On December 14, 2016, the district court entered judgment in favor of LSU-HCSD and dismissed Wiggins's claims. The district court held that while "the court would normally allow plaintiff to amend to attempt to state a claim against the proper party defendant—the Louisiana Board of Supervisors—the plaintiff's claims are frivolous and any attempts at amendment would be futile." Wiggins requested that the dismissal be without

---

[1] According to the documentation accompanying her complaint, Wiggins identifies "[d]uring the 1960 through 2000 era." Wiggins's mother died in June 2002.

prejudice, but the district court denied her motion. On January 13, 2017, Wiggins timely appealed.

## II. DISCUSSION

On appeal, Wiggins's sole argument is that the district court abused its discretion by dismissing her complaint without affording her an opportunity to amend. "We review the district court's denial of leave to amend the complaint for abuse of discretion." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Hypes v. First Commerce Corp.*, 134 F.3d 721, 727–28 (5th Cir. 1996)). "A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (footnote omitted). Pursuant to 28 U.S.C. § 1915(e)(2), the district court "shall dismiss the case at any time" if it determines that the in forma pauperis complaint if frivolous or fails to state a claim. A claim may be dismissed as frivolous "if it does not have an arguable basis in fact or law." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citation omitted).

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster*, 587 F.3d at 767–68 (citation omitted). Rule 15(a) provides that leave to amend shall be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). Granting leave to amend, however, is not required if the plaintiff has already pleaded her "best case." *Brewster*, 587 F.3d at 768 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). A plaintiff has pleaded her best case after she is "apprised of the insufficiency" of her complaint. *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) (unpublished)

(citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) ("[T]he plaintiffs in this case have been apprised of the insufficiency of their conclusory allegations . . . and have been afforded an opportunity to plead facts that would overcome the bar of *Imbler* immunity. We can assume, therefore, that the specific allegations of the amended complaint constitute the plaintiffs' best case . . . .")). A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court. *See Brewster*, 587 F.3d at 767–68. Similarly, a district court need not grant a futile motion to amend. *Legate*, 822 F.3d at 211 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

Wiggins never filed a formal Motion to Amend, but she argues on appeal that the district court erred by dismissing her complaint without granting her the opportunity to amend her claim. The district court denied Wiggins the opportunity to amend after determining that "any attempts at amendment would be futile." The district court granted LSU-HCSD's Motion to Dismiss under Rule 12(b)(1), finding that the court lacked jurisdiction to hear her claims because LSU-HCSD was not an entity subject to suit and because LSU-HCSD was entitled to immunity under the Eleventh Amendment.

Wiggins fails to substantively address or otherwise contest these issues. She does not dispute that LSU-HCSD was not the proper party or that it was not entitled to immunity under the Eleventh Amendment. Indeed, Wiggins appears to concede the merits of LSU-HCSD's Motion to Dismiss. While this Court liberally construes pro se briefs, pro se litigants must still brief the arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Issues not raised or argued in the brief are considered waived and

thus will not be noticed or entertained by this Court on appeal. *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 561 (5th Cir. 1997). Because Wiggins failed to identify an error in the district court's dismissal of her claims, she has waived these issues on appeal, and we need not address them.

Instead, Wiggins asserts that she was not given a chance to present her "*best case.*" However, she has not identified any material facts she would include in an amended complaint if given the opportunity to overcome the deficiencies identified by the district court. She does not provide any additional facts indicating she could state a claim against LSU-HCSD, nor does she argue that she could amend her complaint to name a proper plaintiff. "[P]ro se briefs are afforded liberal construction" by this Court. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). But Wiggins does not present a viable § 1983 claim. *See Raj v. La. State Univ.*, 714 F.3d 322, 328–29 (5th Cir. 2013) ("[W]e agree with the district court's finding—which [plaintiff] fails to challenge on appeal—that the LSU Board is an arm of the state and is immune from suit under the Eleventh Amendment."). Thus, the district court did not err by finding that any attempt at amendment would be futile.

## III.   CONCLUSION

For the foregoing reasons, the district court did not abuse its discretion by dismissing Wiggins's complaint without granting her leave to amend. Accordingly, the district court's ruling is AFFIRMED.