# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20676
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2018

Lyle W. Cayce
Clerk

RICKY DEAN FOWLER,

Plaintiff-Appellant

v.

SHERONDA GUYTON, District Parole Officer; A. ISAAC, Parole Division Representative; DAVID G. GUTIERREZ, Board Chairman,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2665

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Ricky Dean Fowler, Texas prisoner # 542398, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. He additionally moves for injunctive and declaratory relief and for leave to file an amended and supplemental brief. We GRANT Fowler's motion for leave to file an amended

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and supplemental brief and have considered the brief submitted with his motion.  No further filings from Fowler are permitted by this ruling.

Fowler argues that the defendants violated his civil rights by placing him in a halfway house that did not meet the state requirements for transitional housing, did not provide the types of programs necessary for him to adapt to living in the free world, and did not meet his needs.  He contends that he requested a transfer to a different facility but that the defendants ignored his requests.  Additionally, Fowler observes that he was required to work five days a week at the facility as a condition of his continued residence and that this constituted indentured servitude as he received only a credit for his room and board.  Fowler's assertions fail to state a claim for relief that is plausible on its face. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990); *Jackson v. Cain*, 864 F.2d 1235, 1252 (5th Cir. 1989).

Next, Fowler argues that the defendant, Guyton, acted with deliberate indifference to his medical conditions and that working 12 to 14 hour days in the excessive heat and hot sun endangered his health causing pain, soreness, and cramps as well as swelling in his hands, elbows, knees, and ankles.  We do not consider these claims as they are raised for the first time on appeal. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Because Fowler failed to state a claim for relief, his appeal fails. *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016).  Accordingly, we AFFIRM.  Fowler's motion for injunctive and declaratory relief is DENIED. *See* FED. R. APP. P. 8(a)(1)(C).

The district court's dismissal and this court's affirmance count as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Fowler is WARNED that, if he accumulates three strikes,

No. 17-20676

he will not be allowed to proceed in forma pauperis in any civil action or appeal, filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* § 1915(g).