# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2020

Lyle W. Cayce
Clerk

No. 19-40923
Summary Calendar

FREDERICK O'NEAL SCOTT,

*Plaintiff—Appellant*,

*versus*

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, STILES UNIT;
UNIVERSITY OF TEXAS MEDICAL BRANCH, STILES UNIT,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-420

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Frederick O'Neal Scott, Texas prisoner # 1952703, appeals the dismissal of his civil rights complaint as frivolous and for failure to state a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-40923

claim under 28 U.S.C. § 1915(e)(2)(B).  Our review is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Liberally construed, Scott contends on appeal that this is not a 42 U.S.C. § 1983 suit, that his claim is not frivolous, and that the defendants were deliberately indifferent to his serious medical needs.  Scott's allegations fall within the ambit of a § 1983 claim insofar as the conduct in question allegedly deprived Scott of rights, privileges, or immunities secured by the Constitution or federal law, and the conduct complained of was allegedly committed by a person acting under color of state law.  *See Filarsky v. Delia*, 566 U.S. 377, 383 (2012).  Specifically, Scott appears to be alleging an Eighth Amendment violation.

Scott's allegation that spiders were living, breeding, and dying inside of him while prison officials failed to provide medical assistance lacks an arguable basis in fact and is factually frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).   This allegation likewise fails to state an Eighth Amendment deliberate indifference claim that is plausible on its face.  *See Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Given the foregoing, Scott has not shown that the district court erred by dismissing his complaint.

The district court's dismissal of Scott's complaint as frivolous and for failure to state a claim counts as a strike under § 1915(g).  *See Brown v. Megg*, 857 F.3d 287, 290-92 (5th Cir. 2017); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015).  Scott is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

No. 19-40923

AFFIRMED; motions for appointment of counsel and indictment of district court judge DENIED; motions for supplementation with exhibits and leave to file a supplemental brief GRANTED; sanction warning issued.