# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2023

Lyle W. Cayce
Clerk

No. 22-40274

Herbert Hoover Pratt, III,

*Plaintiff—Appellant*,

*versus*

Miguel Martinez, *Region IV Director*; Gene Miller, *Assistant Warden, McConnell Unit*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CV-100

Before Jones, Clement, and Haynes, *Circuit Judges*.

Per Curiam:*

Herbert Hoover Pratt III, a Texas prisoner proceeding pro se and in forma pauperis, brought this underlying suit under 42 U.S.C. § 1983. The district court dismissed Pratt's claims as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Pratt moved for reconsideration, which the district court denied. For the reasons set forth

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40274

below, we AFFIRM.  We also DENY Pratt's motion to appoint appellate counsel.

## I.    Facts

Pratt is a Texas prisoner.  Our factual recitation is taken from his complaint, which we accept as true.[1]  In July 2019, prison administrators conducted a disciplinary hearing and found Pratt guilty of possessing contraband.  They assessed sanctions, which included placing Pratt in restrictive housing.  Pratt urged that the contraband was not his and challenged the disciplinary charge in several ways.  First, he filed two administrative grievances contesting the procedures used in the hearing.  Then, he filed a federal habeas petition, arguing the same.  Last, he requested administrative review from Assistant Warden Gene Miller and Regional Director Miguel Martinez (collectively, "Defendants").  In December 2020, Pratt's disciplinary charge was overturned, and he was released from restrictive housing.

After his release, prison administrators assigned Pratt to a job placement in the unit's garment factory.  But Pratt alleges that Miller subsequently had him removed from that assignment to retaliate against Pratt for seeking administrative review of his disciplinary charge.  Pratt contends that, in doing so, Miller deprived him of "important job skills and a chance to show positive change."  However, prison administrators placed Pratt in a variety of job assignments after that—he cycled through the medical squad, janitorial staff, and then to the kitchen, where he is currently a cook.

Pratt sued both Defendants in their individual capacities and Martinez in his official capacity, averring they violated his Eighth Amendment and Due

---

[1] *See Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016).

Process rights by placing him in restrictive housing and refusing to conduct an administrative review of his disciplinary charge. He further alleged that Miller retaliated against him in violation of the First Amendment when Miller removed him from his job at the garment factory.

After a *Spears*[2] hearing, the district court dismissed Pratt's complaint for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Pratt moved for reconsideration, which the district court denied. This appeal followed.

## II.    Standard of Review

On appeal, Pratt asserts that the district court erred in dismissing his claims. We review a district court's dismissal under §§ 1915(e)(2)(B) and 1915A(b)(1) de novo. *Legate v. Livingston*, 822 F.3d 207, 209 (5th Cir. 2016). To determine whether a complaint fails to state a claim, we apply the same standard used to review dismissals under Rule 12(b)(6). *Id.* at 209–10. Accordingly, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Alternatively, "[a] claim [is] frivolous if it [lacks] an arguable basis in fact or law." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (per curiam). A claim lacks an arguable basis in fact or law if it is predicated "on an indisputably meritless legal theory." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam) (quotation omitted).

---

[2] *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985) *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## III.    Discussion

As a threshold matter, we conclude that Pratt has waived several issues on appeal.  His briefing does not discuss the district court's dismissal of his official capacity claim against Martinez or the denial of his reconsideration motion.  We liberally construe pro se briefs, *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008), but—even construed liberally—Pratt has failed to brief any argument challenging these determinations.  Accordingly, any arguments relevant to those points are waived.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Holman v. Collier*, 830 F. App'x 738, 738–39 (5th Cir. 2020) (per curiam).

As to Pratt's remaining claims, we conclude he has failed to establish that he was deprived of a constitutional right.  *See Pratt v. Harris County*, 822 F.3d 174, 180 (5th Cir. 2016).  First, Pratt contends that Defendants violated his due process rights by denying him administrative review of his disciplinary charge.  But Pratt's own allegations contradict that statement— he pleads that he filed administrative grievances, and his disciplinary charge was later overturned.  To the extent he is complaining that the grievances were not immediately resolved in his favor, a prisoner "does not have a federally protected liberty interest in having [his prison] grievances resolved to his satisfaction."  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam).  Accordingly, Pratt's dissatisfaction with timing of the grievance procedures does not give rise to an actionable due process claim.[3]

Second, Pratt pleads that Defendants violated his Eighth Amendment rights.  But he fails to set forth a cognizable theory to support any purported

---

[3] To the extent that Pratt contends in his opening brief that the Defendants' actions were contrary to a prison policy, Pratt's pleadings do not make such an allegation.  We generally do not consider arguments raised for the first time on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam).

violation. He does not, for instance, challenge the conditions of his confinement. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Harper v. Showers*, 174 F.3d 716, 719–20 (5th Cir. 1999). He *does* seem to assert that his mere presence in restrictive housing violated his Eighth Amendment rights. But he fails to allege that either Defendant was personally involved in the decision to place him there. Therefore, even if that were a cognizable claim, he has failed to state a non-frivolous claim for relief.[4]

Third, Pratt alleges that Miller retaliated against him in violation of his First Amendment rights. Pratt contends Miller removed him from his assignment at the garment factory because Pratt sought review of the disciplinary charge. This claim, too, fails. To state a § 1983 claim for retaliation, Pratt must plead the existence of a "retaliatory adverse act." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999) (per curiam). That retaliatory act is actionable, though, only if it "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quotation omitted). Accordingly, we have held that mere "de minimis" retaliatory acts "do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." *Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006) (rejecting retaliation claim where prisoner was merely moved from one job to another).

Pratt fails to plead more than a de minimis act of retaliation here. Although Miller removed Pratt from his assignment at the garment factory,

---

[4] We observe that the district court did not explicitly address Pratt's Eighth Amendment claim in its analysis; rather it merely dismissed all claims against the Defendants in their individual capacities as frivolous and for failure to state a claim, including the Eighth Amendment claim. Nevertheless, Pratt did not challenge the district court's failure to explicitly address this claim in his motion for reconsideration, nor does he press any error with this failure on appeal. Accordingly, we do not address it here. *See Wise v. Wilkie*, 955 F.3d 430, 437 (5th Cir. 2020).

Pratt was quickly assigned to a series of other positions, including an assignment on a medical squad, to a janitor position, and to a kitchen cook position. Pratt fails to plead any allegations demonstrating how these other positions were inadequate or somehow presented him with less opportunities than the position at the garment factory. While he suggests that this transfer deprived him of the opportunity to obtain on-the-job training, he does not explain why the garment factory was the only place which would provide him with that training. Nor does he complain specifically about his job in the kitchen or suggest that it was a demotion or more onerous than the garment factory job. Therefore, even assuming arguendo that Pratt's reassignment was punitive, Pratt has failed to establish that it was anything more than a de minimis retaliatory act.[5]

## IV.　Conclusion

Accordingly, the district court's judgment is AFFIRMED. Pratt's motion for appointment of counsel on appeal is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).

---

[5] Pratt also seems to argue that the district court improperly resolved disputed factual issues. We disagree. The district court considered only facts alleged in Pratt's complaint and his testimony at the *Spears* hearing. This argument, too, is without merit.