# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40079

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2016

Lyle W. Cayce
Clerk

JAMES LEGATE,

      Plaintiff - Appellant

v.

BRAD LIVINGSTON, Executive Director Texas Department of Criminal Justice,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT and OWEN, Circuit Judges, and JORDAN, District Judge.*

---

* District Judge for the Southern District of Mississippi, sitting by designation.

DANIEL P. JORDAN III, District Judge.

James Legate, Texas prisoner # 888549, filed suit under 42 U.S.C. § 1983 against Brad Livingston, Executive Director of the Texas Department of Criminal Justice ("TDCJ"). Legate alleged that Livingston violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from the risk of contracting communicable diseases, including Hepatitis C. The district court dismissed the suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and 1997e(c)(1). At issue is whether the district court erred in dismissing Legate's Eighth Amendment claim without affording him discovery or an opportunity to amend his complaint. Finding no error, we AFFIRM.

I.     BACKGROUND

Legate, a Native American inmate, claims to have contracted Hepatitis C while participating in a communal pipe-smoking ceremony at the TDCJ's Beeville, Texas, facility. Beginning in 2002, Legate regularly participated in such ceremonies as part of his Native American religion, and at that time, TDCJ policy allowed the practice. In 2003, Legate was diagnosed with Hepatitis C but did not know the origin and continued to participate in the ceremonies until 2009. Later, in 2011, the TDCJ amended its policy and prohibited communal pipe smoking because it was considered a "poor health practice" and presented a significant risk of spreading communicable diseases among the prison population.

After this change in policy, Legate filed suit alleging that Livingston acted with deliberate indifference to Legate's health and safety by "fail[ing] to protect Plaintiff from contracting Hepatitis C, and other communicable diseases, from 2002 through 2009 . . . ." Legate's deliberate-indifference claim relied in part on a provision of the TDCJ's May 1996 Chaplaincy

No. 15-40079

Manual Policy, which stated that "[i]nmates may not share pipes . . . because of health related concerns." He claims that Livingston was aware, or should have been aware, of these health risks during the period in which the TDCJ allowed Native American inmates to share a communal pipe. He now appeals the dismissal of his claim.

II.   ANALYSIS

A.   Dismissal of Eighth Amendment Claim

Title 28 U.S.C. § 1915(e)(2)(B)(ii) requires the district court to dismiss an in forma pauperis ("IFP") prisoner complaint if it finds that the action does not state a claim upon which relief may be granted. And § 1915A(b)(1) directs the court to "dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See also* 28 U.S.C. § 1997e(c)(1) (mandating dismissal of prisoner suits challenging conditions of confinement that are frivolous or fail to state a claim).

Dismissals under §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and 1997e(c)(1) for failure to state a claim are reviewed de novo—the same standard applied to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Under that standard, a complaint will survive dismissal for failure to state a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Legate contends that the district court erred in dismissing his Eighth Amendment claim. The Eighth Amendment prohibits the infliction of

3

No. 15-40079

"cruel and unusual punishments" on convicted criminals and extends to deprivations suffered during imprisonment.  The Amendment encompasses a right to "reasonable safety," including protection against unsafe conditions that pose "an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 33, 35 (1993).  An official's duty to protect against such unsafe conditions arises where the inmate has been placed "under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998).

To establish an Eighth Amendment violation, the inmate must show that the alleged deprivation posed a "substantial risk of serious harm" and the defendant acted or failed to act with deliberate indifference to the risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006).  Moreover, the court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone unwillingly* to such a risk." *Helling*, 509 U.S. at 36 (emphasis added).

In this case, the district court held that Legate "failed to state a constitutional violation because the TDCJ did not have a policy requiring him to participate in the communal pipe ceremony." *Legate v. Livingston*, No. 2:14-cv-269, 2015 WL 158868, at *1 (S.D. Tex. Jan. 12, 2015) (citing *Helling*, 509 U.S. at 36).  The district court concluded that Legate was "capable of exercising ordinary responsibility for his own welfare" and voluntarily participated in the communal pipe-smoking ceremony. *Id.* at *2.  Indeed, Legate could have engaged in this same conduct had he been free.

Although this circuit has not considered an Eighth Amendment claim involving voluntary conduct, circuits that have addressed the issue have held

4

No. 15-40079

that a prisoner cannot establish a violation where he willingly participates in the conduct giving rise to his injury. *See, e.g.*, *Wronke v. Champaign Cty. Sheriff's Office*, 132 F. App'x 58, 61 (7th Cir. 2005) (holding inmate "cannot manufacture a constitutional claim by volunteering for a job when he could have avoided the offending conditions by choosing to stay in his cell"); *Christopher v. Buss*, 384 F.3d 879, 882–83 (7th Cir. 2004) (rejecting Eighth Amendment claim based on defendant's failure to protect plaintiff from injury during voluntary softball game); *Haas v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985) (finding no violation where plaintiff was permitted to use alcohol and marijuana while incarcerated because he "voluntarily engage[d]" in the conduct). This persuasive authority is consistent with *Helling*, so we join these other circuits in holding that the Eighth Amendment does not address injury caused by an inmate's voluntary acts of this nature.

Legate never directly challenges this core holding from the district court's order. And he has never alleged that Livingston *required* him to participate in the communal-pipe ceremony or that his incarceration somehow incapacitated him from exercising "ordinary responsibility for his own welfare." *Cty. of Sacramento*, 523 U.S. at 851. In fact, he previously sued a TDCJ Director challenging the Department's updated policy prohibiting communal-pipe smoking. *See Legate v. Stephens*, No. 2:13–CV–148, 2014 WL 3588489, at *1 (S.D. Tex. July 21, 2014). Because he voluntarily participated in the pipe-smoking ceremony based on his personal religious tenets, Legate has failed to state a claim for relief under the Eighth Amendment.[1]

---

[1] To the extent Legate faults the district court for dismissing his claim before discovery, he has not shown how discovery would overcome the legal basis for dismissal.

B.    Leave to Amend

Legate also appeals the district court's denial of his request for leave to amend his complaint to add a due-process-violation claim and additional defendants.    We review a district court's denial of leave to amend under Federal Rule of Civil Procedure 15(a) for an abuse of discretion.  *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000).

Rule 15(a) "requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).    That said, a district court need not grant a futile motion to amend.  *Stripling*, 234 F.3d at 872–73.    Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted.  *Id.*

Legate never filed a formal motion to amend.    But he sought leave to amend in his objection to the magistrate judge's memorandum and recommendation.    In essence, he wished to add a claim that Livingston violated his due-process rights by failing to warn him about the health risks associated with smoking a communal pipe.[2]    He also sought to add as additional defendants certain unidentified TDCJ policymakers responsible for changing the May 1996 Chaplaincy Manual Policy.    The district court denied these requests because Legate failed to allege that TDCJ officials "took any deliberate action to deprive him of life, liberty or property" and further failed to specifically identify the defendants he sought to add, thus making amendment futile.  *Legate*, 2015 WL 158868, at *2.

---

[2] Although he does not specify, we assume Legate intended a substantive, rather than procedural, due-process claim.

6

No. 15-40079

Legate fails to substantively address these issues in his brief. First, although he twice mentions the due-process claim, he never explains why the district court's finding of futility was incorrect. A party that fails to adequately address an argument asserted on appeal is deemed to have waived that argument. *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010); *see also Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal."). Legate has not demonstrated the district court erred in finding that a due-process claim would be futile.

Second, regarding his request to join new defendants, Legate has never identified the individuals he seeks to add and has not explained how adding these defendants would overcome the substantive flaws in his Eighth Amendment and substantive-due-process claims. We therefore agree with the district court's finding that amending the complaint to include unidentified TDCJ policymakers as defendants would be futile.

Accordingly, the district court did not abuse its discretion in denying leave to amend on either basis.

AFFIRMED.

7