# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2018

Lyle W. Cayce
Clerk

JEFFREY MICHAEL WINBLAD,

Plaintiff-Appellant

v.

GLORIA DAVILA, Administration Assistant III, Texas Department of Criminal Justice; NALLELY MADRID, Mail Room Clerk II, Texas Department of Criminal Justice; MIRANDA BARRERA, Mail Room Clerk II, Texas Department of Criminal Justice,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-73

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Jeffrey Michael Winblad, Texas prisoner # 1801200, appeals the dismissal for failure to state a claim of his 42 U.S.C. § 1983 suit alleging that the defendants violated his constitutional rights by requiring, pursuant to Texas Department of Criminal Justice Board Policy 03.91, that he open for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10379

inspection outgoing mail addressed to his Idaho probation officer. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). We review dismissals for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) using the same de novo standard of review applicable to dismissals made pursuant to Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). A complaint fails to state a claim when it does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Winblad does not argue that the magistrate judge erred by dismissing his claims that the appellees' actions violated his Fourth, Fifth, and Eighth Amendment rights; accordingly, he has abandoned any such claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). However, Winblad is correct that his pro se complaint, as supplemented by testimony pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), is sufficient to state a First Amendment claim. *See Iqbal*, 556 U.S. at 678; *Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *Samford v. Dretke*, 562 F.3d 674, 678-79 (5th Cir. 2009).

Accordingly the judgment of the magistrate judge is AFFIRMED IN PART and VACATED AND REMANDED IN PART. We do not opine regarding the ultimate merits of Winblad's First Amendment claim.