# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60147
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2018

Lyle W. Cayce
Clerk

BENNIE WARD,

Plaintiff-Appellant

v.

LISA TUCKER,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:12-CV-106

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bennie Ward, Mississippi prisoner # 79276, appeals the district court's denial of his 42 U.S.C. § 1983 complaint. Ward alleged that Nurse Lisa Tucker retaliated against him for requesting medical treatment by having him transferred from the Alcorn County Regional Correctional Facility (Alcorn) to the Mississippi State Penitentiary (Parchman). The district court granted Nurse Tucker's summary judgment motion because Ward offered only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unsupported conclusions that Nurse Tucker acted with retaliatory intent. We review the district court's grant of the summary judgment motion de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).

To state a claim of retaliation, Ward was required to plead facts showing, inter alia, that the defendant intended to retaliate against him because he exercised a constitutional right. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). The undisputed summary judgment evidence established that Ward was not satisfied with the medical treatment he was receiving at Alcorn for a skin condition; that Alcorn did not have a full-time doctor on staff; that he was transferred to Parchman where a doctor was on staff; and that, at Parchman, medical tests, observation, and treatment were administered in an attempt to address Ward's skin condition. While Ward was being treated at Parchman, he was housed in Unit 29, a unit that Ward stated was more dangerous than his housing assignment at Alcorn. He speculated that Nurse Tucker orchestrated his assignment to Unit 29 in retaliation for his continually seeking treatment from a dermatologist for his skin condition. He concedes before this court that he does not know why she would have retaliated against him, but he hypothesizes that she did not like him or that she made more money because she did not refer him to an outside specialist for treatment.

Ward's claim is speculative, and there is no competent summary judgment evidence that creates a material fact issue suggesting that Nurse Tucker retaliated against him for exercising a constitutional right. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Moreover, contrary to Ward's arguments before this court, the district court did not abuse its discretion in denying his motions to amend his complaint and to appoint counsel. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Accordingly, the district court's judgment is

No. 17-60147

AFFIRMED. Ward's motion to this court for the appointment of counsel is DENIED. *See Ulmer*, 691 F.2d at 212.