# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10991
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2019

Lyle W. Cayce
Clerk

RAMIRO PLASCENCIA-OROZCO,

     Plaintiff-Appellant

v.

ERIC D. WILSON, Warden; J. F. CARAWAY, Regional Director;
IAN CONNORS, Administrator National Inmate Appeals;
DOCTOR BARUTI, M.D.,

     Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-527

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ramiro Plascencia-Orozco, federal prisoner # 40467-198, appeals the dismissal of his in forma pauperis (IFP) complaint alleging that the defendants violated his Eighth Amendment rights by denying him Lamisil to treat his fungal dermatitis. We review the 28 U.S.C. § 1915A(b)(1) dismissal of the complaint for failure to state a claim de novo, using the same standard

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10991

applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6).  *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016).

Since Plascencia-Orozco alleges, at most, only that the defendants unsuccessfully or negligently treated his fungal infection, his allegations are insufficient to state a claim for deliberate indifference to his serious medical needs.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Likewise, his bald legal assertions that the defendants were deliberately indifferent are not sufficient to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The district court did not err by dismissing the complaint.  *See Legate*, 822 F.3d at 209-10.

The appeal is DISMISSED AS FRIVOLOUS.  *See* 5TH CIR. R. 42.2. Plascencia-Orozco's motion for appointment of counsel is DENIED.  The district court's dismissal of Plascencia-Orozco's complaint and our dismissal of his appeal both count as strikes under 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Plascencia-Orozco is WARNED that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* § 1915(g).