# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2021

Lyle W. Cayce
Clerk

No. 19-40922
Summary Calendar

William Boyd Pierce,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Carol E. Monroe; Deborah Cockrell;
Mark A. Sandlin; Office of the Attorney General,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-632

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

William Boyd Pierce, Texas state prisoner # 1208957, filed a 42 U.S.C. § 1983 complaint alleging that the defendants failed to protect him from an assault by another inmate. After Pierce had an opportunity to amend

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his complaint, the district court dismissed it pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief may be granted. Pierce now appeals that decision.

Applying de novo review, *see Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016), we affirm. Even if it is assumed, for the sake of argument, that Pierce was incarcerated under conditions posing a substantial risk of serious harm, Pierce has not pleaded sufficient factual matter showing that any defendant acted with deliberate indifference to that risk. *See id*. at 210; *Longoria v. Texas*, 473 F.3d 586, 592-93 (5th Cir. 2006). Accordingly, Pierce failed to state a facially plausible claim that any defendant unconstitutionally failed to protect him from another inmate. *See Legate*, 822 F.3d at 209-10; *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014). Pierce's argument based on alleged violations of prison regulations is unpersuasive. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *see also Williams v. Banks*, 956 F.3d 808, 812 & n.11 (5th Cir. 2020).

The district court's dismissal of Pierce's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Pierce is cautioned that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.