# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2022

Lyle W. Cayce
Clerk

———————

No. 22-10091
Summary Calendar

———————

Marc A. Manzo,

*Plaintiff—Appellant*,

*versus*

G. Mateware, *Dr, FCI Seagoville, TX*;
K Bandas, *FNP-C, FCI Seagoville, TX*;
Shao Le, *Dr, FCI Seagoville, TX*;
NFN Shanks, *Corporal, St Charles Detention Center*;
S. Wattelet, *St Charles Detention Center*;
NFN Clawson, *Corporal, St Charles Detention Center*;
John Does, *Unknown St Charles County Correctional Officers*;
Bureau of Prisons; NFN Zook, *Warden*;
Federal Correctional Institution Seagoville;
Medical Department FCI Seagoville,

*Defendants—Appellees*.

——————————————

Appeal from the United States District Court
for the Northern District of Texas
No. 3:19-CV-812

——————————————

No. 22-10091

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Marc Manzo, federal prisoner #42139-044, appeals the dismissal of his *Bivens*[1] action against Federal Correctional Institution Seagoville, Texas, Dr. Mateware, and nurse Bandas for failure to state a claim. He alleged that these defendants were deliberately indifferent to his serious medical needs regarding a detached retina, which resulted in the loss of eyesight in one eye. Our review is *de novo*. *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).

Assuming, but only for purposes of this analysis, that a *Bivens* remedy exists for Manzo's claims, *see Petzold v. Rostollan*, 946 F.3d 242, 248 & n.21 (5th Cir. 2019), the district court correctly concluded that Manzo failed to state a claim. Prison officials infringe the Eighth Amendment's proscription against cruel and unusual punishment by engaging in "deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation footnote omitted). Barring exceptional circumstances, unsuccessful medical treatment, negligence, medical malpractice, disagreement with medical treatment, or decisions whether to provide additional treatment do not constitute deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

As to Mateware, Manzo does not claim any personal action by this supervisory defendant in the complained-of events. Rather, he describes a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

situation in which he seeks to hold Mateware vicariously liable for the actions of his employees, which does not state a claim. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

As to Bandas, Manzo's allegations rise to the level of, at most, medical malpractice or negligence. He claims that Bandas saw him on only one occasion and that, while noting he had low vision in one eye, did not discover the retinal detachment. None of Manzo's other allegations involves action or inaction by Bandas, and Manzo's medical records do not indicate she had any other involvement in his care. Absent extraordinary circumstances, which Manzo does not allege, Bandas's single action of not identifying a retinal detachment during one visit does not constitute deliberate indifference. *See Gobert*, 463 F.3d at 346; *see also Petzold*, 946 F.3d at 250–51.

Finally, to the extent that Manzo challenges the district court's imposition of a strike, a prisoner is barred from proceeding *in forma pauperis* if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915(g). In accordance with the statute, the district court imposed a strike based on its dismissal of Manzo's complaint for failure to state a claim under § 1915(e)(2)(B). Manzo does not meaningfully explain why the strike was wrongly imposed beyond his general disagreement with the district court's dismissal of his claims.

AFFIRMED.