# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2023

Lyle W. Cayce
Clerk

No. 22-40477
Summary Calendar
_____

Eric Watkins,

*Plaintiff—Appellant*,

*versus*

Timothy Carter, *also known as* UP Carter; Dony Cartrette, *also known as* UP Coltran; Jody Upton, *Individually and in His Official Capacity as Warden*; Paul Hayes,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-505

_____

Before King, Higginson, and Willett, *Circuit Judges.*

Per Curiam:[*]

Eric Watkins, former federal prisoner # 55630-004, sued various federal prison officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), raising claims of excessive force and retaliation. Watkins appeals the dismissal of that suit under 28

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40477

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. He argues that the district court incorrectly declined to extend the *Bivens* remedy to his claims of excessive force and retaliation.

We review de novo dismissals of a claim pursuant to § 1915(e)(2)(B)(ii), using the same standard applied to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). A suit "will survive dismissal for failure to state a claim if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (internal quotation marks and citation omitted).

Watkins has not stated a plausible claim that *Bivens* should be extended to the new contexts of excessive force and retaliation. *See Egbert v. Boule*, 142 S. Ct. 1793, 1807-08 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 130-31, 135 (2017); *Butler v. Porter*, 999 F.3d 287, 293 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 766 (2022). Therefore, the district court did not err in dismissing his suit for failure to state a claim. *See Legate*, 822 F.3d at 210; *Black*, 134 F.3d at 733-34.

AFFIRMED.