# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 23-30661
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2024

Lyle W. Cayce
Clerk

Timothy M. Gemelli,

*Plaintiff—Appellant*,

*versus*

Perry Nicosia, *District Attorney, 34th Judicial District Court*; Mikey Morales, *Assistant District Attorney, 34th Judicial District Court*; Charles Ward, *Assistant District Attorney, 34th Judicial District Court*; Michelle Canepa, *Police Officer*,

*Defendants—Appellees*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-13424

―――――――――――――――――――――――――

Before Davis, Stewart, and Southwick, *Circuit Judges*.
Per Curiam:[*]

Timothy M. Gemelli appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights action and denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend.  Gemelli contends that the district

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court erred in dismissing his claim that Louisiana state prosecutors failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and in granting summary judgment in favor of Officer Michelle Canepa and dismissing his claim that the affidavit in support of the warrant for his arrest omitted material information and included misrepresentations. Gemelli does not challenge the district court's dismissal of any other defendant or claim or the denial of his motion to alter or amend; accordingly, he has waived these issues. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). To the extent that he raises additional arguments in his reply brief, we generally do not consider arguments raised for the first time in a reply brief. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

As to the *Brady* claim, dismissals under 28 U.S.C. § 1915(e)(2) for failure to state a claim are reviewed in the same way as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Gemelli argues that the district court erred in dismissing his claim that prosecutors failed to turn over cellphones and text messages containing exculpatory evidence demonstrating that the victim was retaliating against him because he had told the victim that he would no longer support her financially. Under *Brady*, a defendant's due process rights are violated if the prosecution "withholds evidence that is favorable to the accused and material to the defendant's guilt or punishment." *United States v. Swenson*, 894 F.3d 677, 683 (5th Cir. 2018). "Evidence is not suppressed if the defendant knows or should know of the essential facts that would enable him to take advantage of it." *United States v. Runyan*, 290 F.3d 223, 246 (5th Cir. 2002).

Here, the cellphones and text messages containing evidence of the victim's retaliatory motive were not suppressed because the allegedly favorable evidence was brought to the jury's attention through the victim's testimony that she filed criminal charges against Gemelli only nine days after receiving a message from Gemelli stating that he would no longer support her financially. *See id.* Moreover, as any evidence on the cellphones and in the text messages would be cumulative to the victim's testimony, this evidence was not material. *See United States v. Brumfield*, 89 F.4th 506, 514-15 (5th Cir. 2023), *petition for cert. filed* (U.S. June 18, 2024) (No. 23-7746). The district court did not err in dismissing this claim. *See Iqbal*, 556 U.S. at 678.

Gemelli also argues that the district court erred in granting summary judgment in favor of Officer Canepa and dismissing his Fourth Amendment claim as the affidavit filed in support of the arrest warrant contained material omissions and misrepresentations. We review the grant of a motion for summary judgment de novo. *Kohler v. Englade*, 470 F.3d 1104, 1108 (5th Cir. 2006). Summary judgment is appropriate when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), notwithstanding the approval of a warrant application by an independent magistrate, a defendant's Fourth Amendment rights are violated if (1) an affiant intentionally, or with reckless disregard for the truth, includes a false statement or omits a material fact and (2) the alleged errors or omissions are necessary to the finding of probable cause. *Reitz v. Woods*, 85 F.4th 780, 793-94 (5th Cir. 2023). To determine whether false statements or omitted facts are material to the determination of probable cause, "courts are to consider the faulty affidavit as if those errors and omissions were removed, meaning we must examine the corrected affidavit and determine whether probable

3

cause for the issuance of the warrant survives the deleted false statements and material omissions." *Id.* at 794.

Even assuming that Gemelli's allegations regarding material omissions in the affidavit are true, the reconstructed affidavit still contains sufficient facts to lead a prudent person to believe that a crime had been committed. *See id.* Under Louisiana law at the time, aggravated incest was defined as engaging in, among other things, sexual intercourse, sexual battery, or any other involvement of a child in sexual activity constituting a crime with a person who is under eighteen years of age and who is related to the offender. LA. STAT. ANN. § 14:78.1. Sexual battery criminalizes "the intentional touching of the anus or genitals of the victim by the offender." LA. STAT. ANN. § 14:43.1.

Here, the reconstructed affidavit still contained allegations that the victim told Officer Canepa that "her biological father had inappropriately touched her between the ages of four and eight." "A victim's accusation identifying an individual as the perpetrator is generally sufficient to establish probable cause." *Johnson v. Bryant*, No. 94-10661, 1995 WL 29317, 3 (5th Cir. Jan. 17, 1995) (unpublished).[1] Reliance on a purported victim is justified unless there is an "apparent reason" to disbelieve the victim's account. *See Roy v. City of Monroe*, 950 F.3d 245, 256 (5th Cir. 2020). While Gemelli claims that the victim's retaliatory motive was a reason for Officer Canepa to disbelieve her account, there is nothing in the record suggesting that Officer Canepa was aware that the victim filed a police report shortly after Gemelli told the victim that he would no longer support her financially.

AFFIRMED.

---

[1] Unpublished opinions issued before January 1, 1996, have precedential value. 5TH CIR. R. 47.5.3.