# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2024

Lyle W. Cayce
Clerk

No. 23-30884
Summary Calendar

_____

Michael Rhodes,

*Plaintiff—Appellant*,

*versus*

State of Louisiana,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-486

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Michael Rhodes, Louisiana prisoner #364469, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim under 28 U.S.C. § 1915A. The district court determined that: (1) Rhodes' challenge to the constitutionality of his conviction failed to state a claim upon which relief could be granted since such a challenge in federal

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court had to be brought in a petition for habeas corpus relief; and (2) to the extent he sought money damages, such relief was unavailable until he first demonstrated the invalidity of his conviction through a proper channel. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

This Court's review of the district court's dismissal of Rhodes' complaint for failure to state a claim is *de novo*. *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). Under § 1915A, a district court is required to screen a prisoner's civil complaint and to dismiss it if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Rhodes' appeal elaborates on the claims in his district court complaint—that less than a quorum of grand jurors voted to return his indictment, and that his conviction was based on a nonunanimous petit jury verdict. But his appeal does not challenge the district court's reasons for dismissing his complaint. Although this Court "liberally construe[s] the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoted case omitted). Rhodes' failure to identify any error with the district court's judgment dismissing his case "is the same as if he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Even if Rhodes presented a challenge to the district court's judgment, we discern no error. Rhodes' claims challenge the constitutionality of his conviction, and "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck*, 512 U.S. at 481. Additionally, to the extent Rhodes' claims seek monetary relief, he

No. 23-30884

cannot bring such claims until his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487.

AFFIRMED.