# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 24-30113
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2024

Lyle W. Cayce
Clerk

Charles Perrillioux,

*Plaintiff—Appellant*,

*versus*

State of Louisiana,

*Defendant—Appellee*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-674

―――――――――――――――――――――――――

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Charles Perrillioux, Louisiana prisoner # 252393, filed a 42 U.S.C. § 1983 complaint challenging his state conviction as being unconstitutional because his jury did not render a unanimous verdict. The district court dismissed the complaint on initial review, determining that Perrillioux's challenge to the constitutionality of his conviction failed to state a claim upon

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

which relief could be granted since such a challenge in federal court had to be brought in a petition for habeas corpus relief and that, to the extent Perrillioux sought money damages, such relief was unavailable until he first demonstrated the invalidity of his conviction through a proper channel for failure to state a claim. Perrillioux timely appealed.

We liberally construe briefs from pro se litigants, but the litigant still must brief his challenges to a district court judgment for us to consider them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Perrillioux acknowledges the district court's bases for dismissing his complaint, but he does not explain why the district court's decision was erroneous. By failing to identify any error in the district court's reasons for dismissal, Perrillioux has failed to brief any challenge to that dismissal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Assuming arguendo that Perrillioux has presented an adequate challenge to the district court's judgment, the dismissal of his complaint would be reviewed de novo. *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). There was no error here. Perrillioux's constitutional challenge to his conviction must be brought under 28 U.S.C. § 2254, and he may not seek monetary relief on his claims until his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 481, 487 (1994). Additionally, given the proper dismissal of Perrillioux's federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over any potential, unidentified state-law claims. *See Moon v. City of El Paso*, 906 F.3d 352, 360 (5th Cir. 2018); 28 U.S.C. § 1367(c)(3). We AFFIRM the judgment of the district court.

The district court's dismissal of Perrillioux's complaint in this case counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds*

No. 24-30113

*by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). We WARN Perrillioux that, if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.