# United States Court of Appeals
# for the Fifth Circuit

No. 23-30347

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2024

Lyle W. Cayce
Clerk

Reginald Williams,

*Plaintiff—Appellant*,

*versus*

John Doe Nettles, *Warden*; Mark LaPrairie, *Warden*; John Doe Jack, *Major*; John Doe Simmon, *Colonel*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-558

_____

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:*

Reginald Williams, Louisiana prisoner # 364941, filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint alleging the defendants falsely charged him with possession of contraband and, after his transfer to administrative segregation, failed to protect him from an attack by another inmate. On appeal, Williams challenges the district court's dismissal of his complaint for

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). He argues that he asserted viable claims concerning his false-disciplinary charge and the defendants' failure to protect him during his confinement in administrative segregation.

We review dismissals under Sections 1915A(b)(1) and 1915(e)(2)(B)(ii) *de novo*, using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 210 (quotation marks and citations omitted). "The pleadings and other filings of *pro se* litigants are construed liberally." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023).

Beginning with his claim of a false-disciplinary charge, Williams argues the defendants violated his constitutional rights by falsely charging him with possession of contraband and by withholding and ignoring evidence of his innocence. Williams relies on an email from a prison official stating he was not under investigation by the prison investigative services. Williams contends the defendants ignored this email and convicted him of the false charge.

Williams alleged in his complaint in district court that the prison provided a speedy process to challenge his disciplinary conviction. Because Williams was given an adequate procedural remedy to challenge the accusation, there was no due process violation. *Collins v. King*, 743 F.2d 248, 253–54 (5th Cir. 1984); *see also Grant v. Thomas*, No. 94-50491, 1994 WL 558835, at *1 (5th Cir. Sept. 23, 1994). Further, even if he alleged the procedural remedy was inadequate, Williams's vague allegations of diminished everyday activities lasting approximately 100 days during his administrative segregation are not sufficiently atypical to implicate a due

process liberty interest. *Hernandez v. Velasquez*, 522 F.3d 556, 563 & n.10 (5th Cir. 2008). Consequently, there was no error in the dismissal of Williams's false-disciplinary-charge claim.

Williams also alleges the defendants failed to protect him from being stabbed by a prisoner named Pendleton while in administrative segregation. Williams currently argues on appeal that, after he was placed in a cell with that prisoner, he asked to be moved because of his "inability to live and get along with Mr. Pendleton." He asserts that, in response to his transfer request, the defendants told him he "better get a knife or know how to fight."

In his complaint in district court, though, Williams made only vague allegations concerning the defendants' knowledge of a risk of harm of his being transferred to Punitive Working Cell Block B due to "recent acts of violence" in that unit. He contended the defendants were aware of violent acts in the unit, including a murder, over the past two to five years and told him to "know how to fight or get a knife." There was, however, no mention in his complaint of a prisoner named Pendleton or a specific fear of being in a cell with him.

In his objection to the Magistrate Judge's Report and Recommendation, Williams included affidavits from two prisoners. The affidavits stated Williams told the defendants that he feared for his life because of several violent acts in the Punitive Working Cell Block, including recent murders.

Officials may act with deliberate indifference even if they have not been warned of the "specific danger" to a prisoner or a "particular method of harm." *Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 881–82 (5th Cir. 2004). Williams's complaint and the affidavits he submitted show only that he advised the defendants about his fears regarding past acts of violence in administrative segregation. Prisons,

of course, are dangerous places where inmates frequently threaten violence against each other. *See Newton v. Black*, 133 F.3d 301, 307 (5th Cir. 1998). Williams did not allege a prior incident or threats specifically from an inmate named Pendleton. On appeal, Williams argues only that he sought to transfer out of the cell because he and Pendleton did not get along.

Williams's statements concerning his fear of violence in administrative segregation insufficiently conveyed to the defendants that he faced a substantial risk of serious harm. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The defendants' actions thus did not constitute deliberate indifference, and the district court did not err in dismissing Williams's failure-to-protect claim. *See Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004).

The judgment of the district court is AFFIRMED. The district court's dismissal of Williams's Section 1983 complaint counts as a strike under Section 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Williams is CAUTIONED that, if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).