# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-40617

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2024

Lyle W. Cayce
Clerk

Kenneth Edward Spence,

*Plaintiff—Appellant*,

*versus*

Jamie Taylor, *sued in their individual and official capacity*; Jim Skinner, *sued in their individual and official capacity*; Collin County, Texas,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CV-616

———————————————————————

Before Ho, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:*

Kenneth Edward Spence, Texas prisoner # 2328230, filed a 42 U.S.C. § 1983 complaint that the district court dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. We review that dismissal *de novo*. *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40617

Spence asserts he was denied access to the courts when he was refused use of the county detention facility's law library to research defenses to a civil forfeiture proceeding instituted against his two vehicles and their contents. The right of access to courts, however, only guarantees an inmate the tools necessary to "attack [his] sentence[]," or "challenge the conditions of [his] confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That right does not extend to "any *other* litigating capacity." *Ibid*. Spence's allegedly impaired ability to research defenses to a civil forfeiture was "simply one of the incidental (and perfectly constitutional) consequences of" his detention. *See ibid*. Spence therefore fails to allege an arguable right of access claim and consequently cannot establish municipal or supervisory liability. *See id*. at 356–57; *Brown v. Lyford*, 243 F.3d 185, 191 n.18 (5th Cir. 2001); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Accordingly, the district court's judgment is AFFIRMED.[1]

Spence is REMINDED that, because he has accumulated at least three strikes under 28 U.S.C. § 1915(g), he is barred from proceeding *in forma pauperis* in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of physical injury. He is also WARNED that, regardless of the § 1915(g) bar, any frivolous, repetitive, or otherwise abusive filings will invite imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

---

[1] Spence does not challenge the district court's determination that he abandoned his deprivation of personal property claim or that his claim for declaratory relief was moot. Those claims are therefore abandoned. *See Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).