# United States Court of Appeals
# for the Fifth Circuit

No. 24-50923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2025

Lyle W. Cayce
Clerk

Sheila R. Jones,

*Plaintiff—Appellant*,

*versus*

Brush Country Nursing and Rehabilitation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-896

Before Clement, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Sheila R. Jones appeals the dismissal of her pro se complaint for failure to state a claim over which the district court had jurisdiction under 28 U.S.C. § 1915(e)(2)(B). She contends that her wrongful death claim was authorized by 42 U.S.C. § 1983 and that the district court had federal question jurisdiction because Brush Country Nursing and Rehabilitation (Brush

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50923

Country) violated the Federal Nursing Home Reform Act (FNHRA), 42 U.S.C. §§ 1395i-3, 1396r, and the Due Process Clause by causing her relative's death. According to Jones, Brush Country disregarded the FNHRA's protections for Medicare and Medicaid patients in 42 U.S.C. § 1395i-3, 42 U.S.C. § 1396r, and 42 C.F.R. pt. 483.

We review dismissals under § 1915(e)(2)(B) for failure to state a claim using the same de novo standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). "Under that standard, a complaint will survive dismissal for failure to state a claim if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 210 (quotations omitted).

The complaint did not allege any facts suggesting that anyone responsible for the decedent's care was acting under color of state law as required to state a claim under § 1983. *See Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 174 (2023); *Legate*, 822 F.3d at 210–11. Nor did Jones identify any other provision that authorized a cause of action against the nursing home. *See Talevski*, 599 U.S. at 181 & n.10, 188 (explaining that the FNHRA does not contain "an express private judicial right of action"). While Jones references the other statutes cited in her objections to the magistrate judge's report and recommendations[1], she does not explain how those statutes—which relate to the Consumer Product Safety Act, breach of public contracts, and Indian Forest Resources Management—give rise to a cause of action for a wrongful death caused by medical malpractice. We liberally construe the briefs of pro se appellants, but

---

[1] The district court adopted the magistrate judge's report and recommendations.

2

No. 24-50923

arguments must be briefed to be preserved. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Jones also contends that she was denied the right to amend her complaint under Federal Rule of Civil Procedure 15 despite her request for a hearing to determine how to amend it. Because the magistrate judge's report and recommendation provided notice of the defect in the complaint, and Jones had an opportunity to respond in her objections to the report and recommendation and in her motion for reconsideration, the district court did not err by dismissing the complaint without providing an opportunity to amend. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642–43 (5th Cir. 2007).

AFFIRMED.