# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 8, 2025

Lyle W. Cayce
Clerk

No. 24-11050

————————

Charles Kakembo Sessanga,

*Plaintiff—Appellant*,

*versus*

City of DeSoto, *Police Department*; J. Acosta, *Detective, In his Individual Capacity*; D. Byerly, *Officer, In his Individual and Official Capacity*; P. Schulte, *Officer, In his Individual and Official Capacity*; Kathryn Suggs, *Prosecutor, In her Individual and Official Capacity*,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-950

————————————————————

Before Elrod, *Chief Judge*, and Clement and Haynes, *Circuit Judges*.
Per Curiam:[*]

Plaintiff-Appellant Charles Kakembo Sessanga appeals from the *sua sponte* dismissal of his lawsuit for malicious prosecution under 42 U.S.C. § 1983.  As Sessanga has failed to state a claim for relief and has already pleaded his best case, the judgment of the district court dismissing the case

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

with prejudice and denying Sessanga's motion to amend the complaint is AFFIRMED.

## I

We recite in brief the underlying facts as pleaded by Sessanga. In 2018, after a series of familial disputes, Sessanga's wife contacted CPS to report concerns as to the welfare of her brother's children. Sessanga's wife's sister-in-law then sent a vulgar text message to Sessanga's wife stating, among other things, that she had reported Sessanga for sexual abuse of her daughter. On their own accord, Sessanga and his wife went to the police station to meet with a detective to provide their account of the events, including the disputes that preceded the report, and evidence, including the vulgar text messages from the complainant and video showing that the children had run away from their mother, the complainant. The detective continued with the investigation despite the evidence they provided.

As a result of this investigation, Sessanga was prosecuted and indicted for continuous sexual abuse of a child. Sessanga proceeded to trial, where he was acquitted. As a result of these events, Sessanga missed several financial opportunities.

Sessanga sued the DeSoto Police Department, the detective, two police officers, and a prosecutor for malicious prosecution under 42 U.S.C. § 1983. His case was referred to a magistrate judge, who recommended *sua sponte* that the district court dismiss the case pursuant to 28 U.S.C. § 1915(e) as he was proceeding *in forma pauperis*. Sessanga objected in writing to the recommendation, but the district court adopted the findings of the magistrate judge and dismissed the case with prejudice.

No. 24-11050

## II

### A

We review a *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that we use for a Rule 12(b)(6) dismissal.[1] *Legate v. Livingston*, 822 F.3d 207, 209–210 (5th Cir. 2016). While we hold the pleadings of *pro se* plaintiffs to "less stringent standards than formal pleadings drafted by lawyers," *pro se* plaintiffs must still plead "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Hale v. King*, 642 F.3d 492, 498–99 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B

To state a claim for malicious prosecution under § 1983, plaintiffs must plead: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its *bona fide* termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (emphasis added) (quoting *Gordy v. Burns*, 294 F.3d 722, 727 (5th Cir. 2002)) (noting applicability of *Gordy* standard after *Thompson v. Clark*, 596 U.S. 36 (2022)).

However, "the independent intermediary doctrine shields [an officer who arrests a suspect without probable cause] from liability if a grand jury subsequently indicts the suspect." *Espinal v. City of Houston*, 96 F.4th 741, 745 (5th Cir. 2024). For the police defendants, including the police

---

[1] Sessanga also objects to the dismissal on the grounds that it occurred prior to service. 28 U.S.C. § 1915(e) requires the court to dismiss a case "*at any time* if the court determines that" the plaintiff fails to state a claim. *Id.* § 1915(e)(2) (emphasis added).

department and the three employees sued individually, "we can start (and end) our analysis with the independent intermediary doctrine," as Sessanga was indicted by a grand jury. *Id.* The grand jury, acting as an independent intermediary, shields the police defendants from liability.

The independent-intermediary doctrine, however, does not apply "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)). On a motion to dismiss, mere allegations of taint can suffice *if* the inference of taint is supported by other facts alleged. *Id.* at 690. For this exception to the independent-intermediary doctrine to apply, the plaintiff must plead facts that support the inference that "the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission." *Id.* at 689 (citing *Buehler v. City of Austin/Austin Police Dep't.*, 824 F.3d 548, 555 (5th Cir. 2016)).

No such taint is directly alleged in the complaint, and the other facts alleged are insufficient to support inferring a taint here. The complaint does not point to any facts that support a malicious motive on the part of the police officers, detective, or department beyond the mere continuation of the investigation. The fact that the investigation continued is not enough alone to push a claim of a tainted proceeding from possible to plausible. Sessanga's statement that the police's conduct was "malicious and biased" is conclusory and not treated as fact for the purpose of our analysis. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

Because the independent-intermediary doctrine defeats Sessanga's claim against the police defendants, we do not need to direct reach the issues of probable cause, malice, or immunity. The claims against the police defendants fail to state a claim upon which relief can be granted.

One defendant remains—the prosecutor. She, like other prosecutors, "is absolutely immune when she acts in her role as an advocate for the state by initiating and pursuing prosecution." *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."). As such, any claim against her fails to state a claim upon which relief should be granted and was rightfully dismissed.

## III

We review a district court's decision to deny a plaintiff leave to amend for abuse of discretion. *Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023). In the case of a *pro se* plaintiff, we favor providing an opportunity to amend, but if the plaintiff has already pleaded his best case, it is not required. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Though Sessanga sought leave to amend, the record supports a finding that he has already pleaded his best case. Neither Sessanga's objection to the magistrate's finding nor his briefings here provide facts that would support his "mere allegations" of taint. Accordingly, the district court did not abuse its discretion in denying Sessanga's motion for leave to amend.

No. 24-11050

\* \* \*

As Sessanga has pleaded his best case and failed to state a claim for which relief can be granted, the judgment of the district court is AFFIRMED.