# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2026

Lyle W. Cayce
Clerk

No. 25-50809
Summary Calendar

———————————

Neil Paul Noble,

*Plaintiff—Appellant*,

*versus*

Texas Board of Pardons and Paroles; Texas Department of Criminal Justice,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1303

———————————————————————————

Before Clement, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Neil Paul Noble was convicted in Texas state court of stalking under Texas Penal Code § 42.072 and was sentenced to four years of probation. Noble later violated the terms of his probation, so the court revoked it and sentenced him to ten years of imprisonment. After Noble served a portion of this sentence, the Texas Board of Pardons and Paroles

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50809

("TBPP") notified him that it would review whether to release him from prison and place him on mandatory supervision for the remainder of his sentence. Noble then submitted written materials to the TBPP.

The TBPP determined that Noble was ineligible for mandatory supervision. In a written notice, the TBPP stated that Noble's release would endanger the public and his accrued good conduct time was not an accurate reflection of his potential for rehabilitation. *See* Tex. Gov't Code Ann. § 508.149(b).

Noble then filed a pro se complaint in federal court against the TBPP and the Texas Department of Criminal Justice ("TDCJ"). He brought claims under 42 U.S.C. § 1983, alleging that the TBPP and the TDCJ violated his due process rights by denying his release to mandatory supervision and failing to provide access to a computer with word-processing software, a printer, and a copier. The district court screened Noble's complaint pursuant to 28 U.S.C. § 1915A and dismissed it without prejudice for lack of jurisdiction and failure to state a claim. Noble timely appealed. After submitting a merits brief, Noble moved to file several supplemental briefs. Those motions are GRANTED.

On appeal, Noble only challenges the dismissal of his claims against the TBPP. He expressly abandons his claims against the TDCJ.

We review de novo a district court's dismissal for failure to state a claim under § 1915A(b)(1), applying the same standard as when we review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

No. 25-50809

Subject to certain exceptions, *see* TEX. GOV'T CODE ANN. § 508.149, Texas's mandatory supervision scheme requires the TBPP to release eligible inmates to mandatory supervision "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced," *id.* § 508.147(a). So, inmates have a constitutional expectancy of early release and a protected liberty interest that Texas may not deny without due process. *See Teague v. Quarterman*, 482 F.3d 769, 774–77 (5th Cir. 2007); *Boss v. Quarterman*, 552 F.3d 425, 427, 429 n.24 (5th Cir. 2008); *cf. Hallcy v. Lumpkin*, No. 23-10473, 2023 WL 4351242, at *1 (5th Cir. July 5, 2023) (concluding that due process concerns are not implicated where an inmate is ineligible for mandatory supervision because he was previously convicted of an enumerated crime in § 508.149(a)). In this context, due process requires that the inmate be provided with advance notice, an opportunity to be heard, and a statement of reasons for the denial of release. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 14–16 (1979); *Boss*, 552 F.3d at 428–30.

Noble's complaint reflects that the TBPP satisfied these procedural requirements. Moreover, his allegations also fail to show that the TBPP acted in an arbitrary manner in the constitutional sense. *See Coleman v. Dretke*, 395 F.3d 216, 224 (5th Cir. 2004) ("While the core of substantive due process is protection from arbitrary government action, 'only the most egregious official conduct' is arbitrary in the constitutional sense." (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998))). Thus, the district court did not err in dismissing Noble's complaint for failure to state a claim. *See Iqbal*, 556 U.S. at 678. And the district court did not abuse its discretion in deciding that permitting Noble to amend his complaint would be futile. *See Legate v. Livingston*, 822 F.3d 207, 211–12 (5th Cir. 2016).

We AFFIRM.

3